UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RICHARD H. CAMPBELL,

                Plaintiff,

        - against -

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

                Defendant.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-1322 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

On March 12, 2021, Defendant Portfolio Recovery Associates, LLC filed a Notice of Removal of Plaintiff Richard H. Campbell's state court lawsuit brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). (Notice of Removal, Dkt. 1.) On March 26, 2021, Plaintiff filed an amended complaint. (*See* Amended Complaint ("Am. Compl."), Dkt. 6.) Defendant then requested a pre-motion conference on a motion dismiss (*see* Dkt. 7), which the Court construed as a motion to dismiss (*see* 4/21/2021 Docket Order), and the parties proceeded with briefing the issues (*see* Dkts. 9, 10, 11). On January 6, 2022, the Court issued an order directing the parties to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction in light of *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021). (*See* 1/6/2022 Order to Show Cause.) On January 20, 2022 and February 2, 2022, the parties filed their respective responses to the Court's show cause order, both arguing that Plaintiff has alleged sufficient injury-in-fact to demonstrate standing. (*See* Dkts. 13, 14.) For the reasons stated herein, the Court disagrees and remands this matter to the Civil Court of the City of New York, Queens County.

1

Plaintiff alleges the following facts in his amended complaint. Defendant sent two letters to Plaintiff on September 24, 2020, alleging that Plaintiff owes $2,155.58 "associated with a HSBC Bank account (the 'HSBC account')" and providing Plaintiff "with notice that the statute of limitations" on the alleged debt had expired. (Am. Compl., Dkt. 6, ¶¶ 6–8.) On October 9, 2020, "Plaintiff ran his Experian and Trans Union credit reports and noticed that Defendant is reporting the time-barred HSBC account on his Experian and Trans Union credit reports without any disclosure about the statute of limitations on HSBC account being expired." (*Id.* ¶ 9.) Plaintiff alleges that Defendant's actions "are tactics intended to misinform, mislead, harass, or deceive consumers about the nature and status of their account to assist Defendant in its goal of collecting on debt from these consumers." (*Id.* ¶ 10.) Plaintiff further alleges that he "suffered severe annoyance and emotional distress over these matters," "lost sleep over these issues and continues to feel the negative effects of these acts," and "was attempting to get financing and has been negatively impacted by this incomplete and misleading credit reporting." (*Id.* ¶¶ 11–13.) Plaintiff seeks monetary damages. (*Id.* ¶ 40.)

The Court finds that Plaintiff lacks standing to bring his claims in federal court.

First, Plaintiff's allegations that he "was attempting to get financing and has been negatively impacted by" Defendant's actions do not constitute concrete injury. Damage to personal credit and vague claims of "attempts to get financing" and "negative impact," without an allegation that such damage resulted in a materialized injury, or a sufficiently imminent and substantial risk of injury, are insufficient to confer standing. *Maddox v. Bank of N.Y. Mellon Tr. Co.*, 19 F.4th 58, 65 (2d Cir. 2021) ("[Plaintiffs] contend that the [defendant bank's] delay adversely affected their credit during that time, making it difficult to obtain financing had they needed it in an emergency or for a new home. But it is not alleged that this purported risk

materialized . . . [and therefore cannot] giv[e] rise to Article III standing."). Similarly, although "monetary harms" can traditionally confer standing, a mere request for damages, based on a procedural statutory violation and without factual allegations that confer standing, is not enough.

Second, the distribution of inaccurate information to a credit reporting agency, as opposed to a potential creditor, similarly does not constitute or cause concrete injury for standing purposes. Unlike the disclosures at issue in *TransUnion*, the distribution alleged here lacks a "close relationship" to the harm associated with defamation because reputational harm would be impossible without additional disclosure. *TransUnion*, 141 S. Ct. at 2209; *see also Maddox*, 19 F.4th at 65 (finding no concrete injury where no third parties "viewed" the inaccurate information and thus no reputational harm occurred). As the Honorable Eric N. Vitaliano explained in *Grauman v. Equifax Info. Servs., LLC*:

> Previously, many courts had held that a drop in a plaintiff's credit score was a sufficiently concrete injury in fact . . . capable of causing real-world harms such as the denial of credit. Following [*TransUnion*] however, that holding is no longer tenable in cases where plaintiffs do not allege that their reduced credit score was disseminated, or was accompanied by any other injury resembling a historically recognized harm.

No. 20-CV-3152 (ENV) (AKT), 2021 WL 3239865, at *4 n.3 (E.D.N.Y. July 16, 2021) (citations omitted).

Third, Plaintiff's claim of emotional damages similarly falls short because he does not "plead enough facts to make it plausible that [he] did indeed suffer the sort of injury that would entitle [him] to relief." *Maddox*, 19 F.4th at 65–66 (quoting *Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 110 (2d Cir. 2018)). Plaintiff's "perfunctory allegation of emotional distress . . . is insufficient to plausibly allege constitutional standing." *Id.* at 66; *see also In re FDCPA Mailing Vendor Cases*, Nos. 21-CV-2312, 21-CV-2587, 21-CV-3002, 21-CV-3383, 21-CV-3434 & 21-CV-3462 (GRB), 2021 WL 3160794, at *5–7 (E.D.N.Y. July 23, 2021) ("[S]imply mailing

3

a collection letter, even if erroneous, is a far cry from extreme and outrageous conduct," as required for intentional infliction of emotional distress." (internal quotation marks omitted)).

Finally, the Court denies Defendant's request for jurisdictional discovery. "[A] district court does not abuse its discretion if it denies jurisdictional discovery where" a party fails "to show how the information [it] hoped to obtain from this discovery would bear on the critical issue" for jurisdiction. *Haber v. United States*, 823 F.3d 746, 753 (2d Cir. 2016) (citing, *inter alia*, *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009) ("A party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to" confer jurisdiction. (brackets omitted))). Here, despite being given the opportunity to demonstrate the Court's subject matter jurisdiction, the parties have not proffered any allegations beyond those set forth in the amended complaint to establish Plaintiff's Article III standing. Thus, because the record does not show that "the requested discovery is . . . likely to produce the facts needed" to establish jurisdiction, the Court declines to exercise its discretion to permit jurisdictional discovery.

Accordingly, because Plaintiff has failed to allege any concrete injury, he does not have Article III standing and this Court lacks subject matter jurisdiction over his FDCPA claim. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## CONCLUSION

The Clerk of the Court is respectfully directed to remand the entire action to the Civil Court of the City of New York, Queens County under case number 002725/21 and to terminate this matter.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 4, 2022
    Brooklyn, New York